Argued April 24, affirmed May 12, reconsideration denied
June 18, petition for review denied July 15, 1975

MICHAEL MARSH, *Petitioner, v.* OREGON
STATE PENITENTIARY (No. 11-74-005),
(No. 4031), *Respondent.*

535 P2d 596

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

In this disciplinary review appeal (ORS 421.195), petitioner was found by the Disciplinary Committee to have violated Rule 2, Major Disruptive Behavior, in that he flooded his cell. Petitioner contends there was no evidence to support the finding of the Disciplinary Committee. We disagree.

There was evidence from Lieutenant Ridling, the officer who signed the Report of Violation of Institutional Rules, upon the basis of which petitioner was tried both in the form of a recording of his oral statement and in the form of a report at the hearing of a telephone report made by him to a member of the Disciplinary Committee who telephoned him for further information during the course of the hearing. No claim is made that the receipt of any of this evidence was in violation of ORS 421.190,① nor of the Division procedures regulating and providing "for the nature and extent of the proofs and evidence and the method of taking and furnishing the same * * *."

Lieutenant Ridling testified:

"* * * I was standing in front of the Isolation side and saw water coming down the Isolation floor toward the front of the tier. The water came down to tier I-102. Cpl. Cundiff turned the water —turned off the water to the quiet cells. * * *"

The presiding officer at the Disciplinary Committee hearing also stated concerning the phone call made to Lieutenant Ridling:

"On * * * Major Disruptive Behavior, having to do with flooding the cell. We contacted Lt. Ridling to see what his opinion was, by phone. Lt. Ridling said that all six toilets were running. * * *"

Petitioner at the hearing denied the flooding of his cell. It is not contended that any other person was present in petitioner's cell. It could have been reasonably inferred by the committee from the evi-

---

① "Evidence may be received at disciplinary hearings even though inadmissible under rules of evidence applicable to court procedure and the division shall establish procedures to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to afford the inmate a reasonable opportunity for a fair hearing." ORS 421.190.

dence that the flooding of the cells resulted from the deliberate running and overflowing of the toilets in each of the six cells, including the petitioner's, as charged in the report.[2]

We think there was sufficient evidence to support the finding that petitioner flooded his cell.

Affirmed.

---

[2] "REPORT OF VIOLATION OF INSTITUTIONAL RULES
"Oregon State Penitentiary

"Date 11-2-74

"TO THE SUPERINTENDENT

"I, Lt. Ridling, hereby charge Inmate Marsh Institution Number # 36220, with violation of Institutional rules and regulations on or about 8:15 pm    11-2-74, the circumstances
                                   (Time)      (Date)
are as follows:

"Major Rule #2 Major Disruptive Behavior

"Inmate Marsh #36220 flooded his cell I-115, the water from his cell & five other quiet cells flooded up to I-102.

"Respectfully submitted,
[signed]  Lt. Ridling
Reporting Employee"